UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALEJANDRO TRIANA CEBALLOS,

               Movant,

    -against-

UNITED STATES OF AMERICA,

               Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 09-CV-5035 (FB)

*Appearances:*
For the Movant:
ALEJANDRO TRIANA CEBALLOS, *pro se*
No. 64028 - 004
MVCC, Unit B-5
555 I Cornell Drive
Philipsburg, Pennsylvania 16866

For the Respondent:
LORETTA LYNCH, ESQ.
United States Attorney
Eastern District of New York
By: TODD D. KAMINSKY, ESQ.
    Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

        Pursuant to 28 U.S.C. § 2255, Alejandro Triana Ceballos ("Ceballos"), acting *pro se*, moves to vacate his conviction and sentence for conspiracy to import narcotics. Liberally construing Ceballos's submissions "to raise the strongest arguments they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), the Court denies the motion for the following reasons.

I

        On May 23, 2006, pursuant to a plea agreement, Ceballos pleaded guilty to a single count of conspiracy to import heroin. The terms of the agreement provided that Ceballos "agree[d] not to file an appeal or otherwise challenge by petition pursuant to 28

1

U.S.C. § 2255 . . . [his] conviction or sentence in the event that the Court imposes a term of imprisonment of 151 months or below." Gov't Ex. A ¶ 4 (plea agreement). The Court sentenced Ceballos principally to 90 months' imprisonment.

Acting *pro se*, Ceballos appealed. The Second Circuit dismissed the appeal as barred by the appellate waiver. *See United States v. Ceballos*, No. 07-5741-CR (2d Cir. Sep. 3, 2009).

Ceballos now contends that his counsel was constitutionally ineffective for failing to (1) advise him of the waiver of appellate rights contained in the plea agreement, and (2) advance certain arguments at sentencing. He also claims that his sentence was procedurally and substantively unreasonable.

## II

### A. Waiver of Appellate Rights

Ceballos states that he did not "clearly understand" the terms of the plea agreement: "[I] was misle[d] by [my] counsel into believ[ing] that under the terms of the p[lea] [I] was going to have a short sentence. [I] thought it was a guilty plea, [I] had no knowledge of it containing the portion of [my] agreeing to an appeal waiver." Pet'n at 9. This claim, however, is flatly contradicted by the transcript of the plea proceeding. Magistrate Judge Go meticulously advised Ceballos of his rights in compliance with the requirements of Federal Rule of Criminal Procedure 11. In particular, she asked Ceballos (1) if he had discussed his case with his attorney; (2) if he had read the plea agreement; (3) if it was his signature appearing on the plea agreement; (4) if he understood "each and every provision" of the plea agreement; and (5) if the plea agreement "fully and accurately

2

reflect[ed] [Ceballos's] understanding" of the agreement he had reached with the government. Ceballos answered in the affirmative to each of these questions. Gov't Ex. B at 10, 16-17 (transcript of plea proceeding). See Fed. R. Crim. P. 11 (specifying the procedures that must be followed when taking a guilty plea).

With regard to the appellate waiver, the magistrate judge told Ceballos that he would "ordinarily have the right to appeal[,]" but that he had "agreed not to bring any post-conviction proceeding [or] an appeal if [he was] sentenced to a term of imprisonment of 151 months or less." Gov't Ex. B at 24. She then asked, "Do you understand?", to which Ceballos responded, "Yes." *Id.* After Ceballos entered his guilty plea, the magistrate judge asked: "Has anyone made you any promise about the sentence you will receive?" Ceballos responded: "No." *Id.* at 27.

Relying on this record, Magistrate Judge Go recommended that the Court accept Ceballos's plea. *Id.* at 28. At sentencing, the Court accepted the recommendation, repeating, in sum and substance, the consequences of Ceballos's appellate waiver: "[E]ven though you agreed to waive your appellate rights, you still have a window of opportunity to appeal if you believe a constitutional right of yours has been violated, something very fundamental and very basic, but not general rights to appeal[.]" Gov't Ex. C at 51, 57 (transcript of sentencing).[1]

---

[1]Because Ceballos agreed to allocute before a magistrate judge, the Court followed its usual procedure of referring the matter to the assigned magistrate judge for a recommended disposition. *See United States v. Williams*, 23 F.3d 629, 634 (2d Cir. 1994) ("[T]he 'additional duties' clause of the Magistrates Act authorizes a district court judge in a felony prosecution to delegate to a magistrate judge the task of administering a Rule 11 allocution, provided the defendant consents." (emphasis omitted)); Fed. R.

In sum, regardless of any claimed errors of counsel, the record demonstrates that Ceballos was fully advised that he was making a conditional waiver of his appellate rights. *See, e.g., United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (rejecting claims of ignorance of appellate waiver because "[t]he record belies these claims").[2] It further demonstrates that, "[o]ther than the promises contained in [the] plea agreement," there were no "promises as to what [Ceballos's] sentence" would be. Gov't Ex. B at 17. *See United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006) ("[A] straightforward and simple 'Yes, your Honor" is sufficient to bind a defendant to [the] consequences [of a guilty plea]." (citation and internal quotation marks omitted)).[3]

## B. Sentencing

Ceballos claims that his counsel was ineffective because he did not "argue the disparity in the sentence [Ceballos] was confronting and the far more lenient sentences imposed on his co-defendants," and because he did not "investigate exactly what

---

Crim. P. 59(b) ("A district judge may refer to a magistrate judge for recommendation ... any matter that may dispose of a charge or defense. ... The district judge may accept, reject or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.").

[2] In *Juncal*, the circuit court relied on the defendant's testimony that he had discussed the consequences of his plea agreement with counsel. Here, the consequences of the plea agreement on Ceballos's appellate rights were explained by the magistrate judge and the Court. The difference is of no moment.

[3] Ceballos's counsel has submitted a letter in which he attests to having "fully explained the [plea] agreement," including the appellate waiver, to Ceballos in his native language. See Gov't Ex. E at 1-2 (letter dated Dec. 7, 2009, from John J. Garzon). The Court need not rely on counsel's letter, however, because the transcript of the plea proceeding is sufficient to show that Ceballos understood the appellate waiver contained in the agreement.

4

[Ceballos's] medical conditions [were]." Pet'n at 15-16. He also claims that his sentence was procedurally and substantively unreasonable. *See id.* at 18-25.

Because Ceballos received a sentence of less than 151 months, these arguments are foreclosed by his appellate waiver. *See United States v. Johnson*, 347 F.3d 412, 414 (2d Cir. 2003) ("In general, a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed-upon Guidelines range is enforceable."); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) ("If we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless. This we decline to do."); *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) (where waiver is validly obtained, "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.").

## III

Ceballos's § 2255 motion is denied. Since Ceballos has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

/S/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 9, 2010

5